Date signed July 18, 2014



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| EKAETTE TOM AKWA | : | Case No. 13-30265PM |
|   a/k/a EKEATTE E. UKIH | : | Chapter 13 |
|            Debtor | : | |
| ------------------------------- | : | |
| EKAETTE TOM AKAWA | : | |
|   a/k/a EKEATTE E. UKIH | : | |
|            Plaintiff | : | |
| vs. | : | Adversary No. 14-0267PM |
| RESIDENTIAL CREDIT SOLUTIONS, INC. | : | |
|            Defendant | : | |
| ------------------------------- | : | |

## MEMORANDUM OF DECISION

      This adversary proceeding is before the court on the Motion of the Defendant, Residential Credit Solutions, Inc. ("RCS"), to dismiss the Complaint. Plaintiff seeks an order of this court that fixes the secured claim of RCS in the sum of $342,986.00 so that the balance of the claim filed in the sum of $476,835.97, with an arrearage of $57,624.81, would be considered an unsecured claim of $133,849.97.

      RCS argues that its claim cannot be bifurcated into secured and unsecured components, and on that account the Complaint must be dismissed. The following sections of the Bankruptcy Code are pertinent to this issue:

**11 U.S.C. § 506.  Determination of secured status**

(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim[.]

**11 U.S.C. § 1322.  Contents of plan**

(b) Subject to subsections (a) and (c) of this section, the plan may–

> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims[.]

**11 U.S.C. § 101.  Definitions**

(13A) The term "debtor's principal residence"–

> (A) means a residential structure if used as the principal residence by the debtor, including incidental property, without regard to whether that structure is attached to real property; and
>
> (B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer if used as the principal residence by the debtor.

(27B) The term "incidental property" means, with respect to a debtor's principal residence–

> (A) property commonly conveyed with a principal residence in the area where the real property is located;
>
> (B) all easements, rights, appurtenances, fixtures, rents, royalties, mineral rights, oil or gas rights or profits, water rights, escrow funds, or insurance proceeds; and
>
> (C) all replacements or additions.

Thus, under 11 U.S.C. §1322(b)(2) an undersecured claim attached to a debtor's principal residence cannot be bifurcated into secured and unsecured components.  The question presented is whether certain provisions of the Deed of Trust[1] brings in other collateral so that the loan is

---

[1] The Plaintiff never attached a copy of the July 16, 2007, Deed of Trust to the Complaint or any other pleading. That is the critical document to this dispute.  Rather than dismiss the Motion or the Complaint, the court used the copy attached to RCS's proof of claim for its determination.

secured by more than the Debtor's principal residence. The court finds that the cited provisions of the Deed of Trust do not enable the Debtor to bifurcate RCS's claim.

The Debtor relies upon the case of *In re Ennis*, 558 F.3d 343 (CA4 2009), for the proposition that the claim is secured by more than "a security interest in real property that is the debtor's principal residence . . . ." *Ennis* involved a lien secured by a mobile home sitting on leased property. The court concluded that inasmuch as a mobile home is personal property, the real property requirement of the 11 U.S.C. §1322(b)(2) anti-modification clause was not satisfied and that debtors could modify a claim secured by their mobile home in their plan. *See also, In re Jordan*, 403 B. R. 339 (BC W.D. Pa. 2009). Because the mobile home was on leased real estate, it was not necessary to delve into the issue that it had to be so affixed to the ground that it had become real estate. *Ennis* is not germane to this case. While 11 U.S.C. §101(13A)(B) includes mobile homes in the category of principal residences, it does not effect a conversion of personal property to real property.

Likewise, cases decided before the enactment of 11 U.S.C. §§ 101(13A)(B) and 27(B) must be discounted, although such cases as *In re Davis*, 989 F.2d 208, 213 (CA6 1993) looked to the issue as to whether the instrument granted no interest above that inextricably bound to the real property itself. The provisions of the Deed of Trust securing RCS relied upon by the Debtor, namely, paragraphs 2, 3, 5, 11 and the definition section N, all fall within that category. Each of these provisions, in one form or another, generally appear in deeds of trust in use in this area.

Section 2 deals with application of payments or proceeds. Nothing dealing with collateral appears in this section. Section 3 deals with escrow payments for taxes, ground rents, community association dues and insurance. Should the borrower fail to make the payments, the lender may make these on the borrower's behalf. Paragraph 5 contains the provisions requiring the maintenance of insurance; failing such, the lender could place insurance to protect its interest in the property. The provision also covers use of insurance proceeds in the event of loss. Finally, paragraph 11 of the Deed of Trust governs the use of proceeds paid by a third party, such as insurance proceeds or condemnation proceeds. Once again, no additional collateral is created, as such payments are in substitution of the original damaged or appropriated collateral.

These items are incidental property commonly conveyed in a deed of trust and defined in 11 U.S.C. §§ 101(13)(A) and (27)(B) as a part of a debtor's principal residence. Congress added these sections to the Bankruptcy Code in 2005 so as to clarify any ambiguity some judges may

have found in 11 U.S.C. §1322(b)(2). Since its enactment, courts have recognized this in such cases as *In re Shull,* 493 B.R. 453 (BC M.D. Pa. 2013)(fixtures); *In re Kreitzer*, 489 B.R. 698 (B.C. S.D. Ohio 2013)(miscellaneous proceeds); *In re Inglis*, 481 B.R. 480 (BC S.D. Ind. 2012) (escrow); *In re Leiferman*, 2011 WL 166170 (B.C. S.D. 2011).

      The Debtor's reliance upon the case of *In re Bradsher*, 427 B.R. 386 (M.D. N.C. 2010), is misplaced. Even if the court were to find that the Deed of Trust included the escrow as collateral, which it does not, the statute is clear that insurance proceeds and escrows are part and parcel of the Debtor's principal residence. *See also, In re Mullins*, 2012 WL 2576625 (M.D. N.C. 2012).

      The motion to dismiss will be granted. An appropriate order will be entered.

cc:    Ekaette Tom Akwa
       3100 Memory Lane
       Silver Spring, MD 20904

       John Douglas Burns
       The Burns LawFirm, LLC
       6303 Ivy Lane, Ste. 102
       Greenbelt, MD 20770

       Residential Credit Solutions, Inc.
       Dennis Stowe
       3001 Meacham Boulevard, Suite 125
       Fort Worth, TX 76137

       Residential Credit Solutions, Inc.
       John J. Rafferty
       Buckley Madole, PC
       POB 9013
       Addison, TX 75001

       Kevin R. Feig
       BWW Law Group, LLC
       4520 East-West Highway, Suite 200
       Bethesda, MD 20814

       Nancy Spencer Grigsby
       4201 Mitchellville Road, Suite 401
       Bowie, MD 20716

**End of Memorandum of Decision**